UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| GEORGE KING, | : | Hon. Joseph H. Rodriguez |
| | : | |
| Plaintiff, | : | Civil Action No. 15-8707 |
| | : | |
| v. | : | |
| | : | OPINION |
| MARINA DIST. DEV. CO., LLC d/b/a | : | |
| BORGATA HOTEL AND CASINO & SPA, | : | |
| | : | |
| Defendant. | : | |

This matter comes before the court on Motion of Defendants Marina Dist. Dev.

Co., LLC d/b/a Borgata Hotel and Casino & Spa ("Borgata") for summary judgment

pursuant to Fed. R. Civ. P. 56.   The Court has considered the written submissions of the

parties as well as the arguments advanced at the hearing on October 17, 2017.  For the

reasons stated on the record that day, as well as those that follow, Defendants' motion is

granted.

I.      Background

    Plaintiff George King was a well-liked employee of the Borgata who was hired in

June, 2008 as a Mail Room Runner. See King Dep., Farrell Cert., Ex., A. pp. 12:22-13.2.

Despite applying for nineteen positions at the Borgata during his employment, King

remained in the mail room until his termination in June, 2013.  Id. at pp. 42:5-13,

144:13-14.5. King was terminated pursuant to the Borgata's attendance policy. Id.

        King brings this action on the theory that the Borgata's failure to hire him was

racially motivated. During his time at the Borgata, King completed an online course of

study to improve his chances for advancement. Id. at pp. 54:20-55:7.  King applied for

nineteen different positions and, in each instance, he alleges that Borgata's failure to

hire him was racially motivated.  During oral argument, the Court noted that the record

lacked evidence to support King's claims as to each instance.  Plaintiff's counsel agreed

that King is unable to sustain his claims of racial discrimination for the majority of the

positions and conceded that King is only pursuing this action as to the following

positions for which he was not hired: (1) Part-Time Club Host Mixx Nightclub, (2) Box

Office Supervisor, (3) Direct Marketing Coordinator, (4) Customer Assurance

Coordinator, and (5) Advertising/Branding Manager.

The Borgata claims that King lacked the requisite qualifications for each position and

that King cannot establish an inference of discrimination because he is unable to

identify the qualifications of and the identity of the persons ultimately hired for these

positions.  Even if King establishes a prima facie case of discrimination, there is no

genuine issue of material fact related to whether the Borgata's decision was motivated

by racial animus because the Borgata has articulated legitimate, nondiscriminatory

reasons for each decision. King fails to identify evidence in the record to challenge the

Borgata's reasons.

## II.     Summary Judgment Standard

"Summary judgment is proper if there is no genuine issue of material fact and if,

viewing the facts in the light most favorable to the non-moving party, the moving party

is entitled to judgment as a matter of law." Pearson v. Component Tech. Corp., 247 F.3d

471, 482 n.1 (3d Cir. 2001) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986));

accord Fed. R. Civ. P. 56 (a). Thus, the Court will enter summary judgment in favor of a

movant who shows that it is entitled to judgment as a matter of law, and supports the

showing that there is no genuine dispute as to any material fact by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56 (c)(1)(A).

An issue is "genuine" if supported by evidence such that a reasonable jury could return a verdict in the nonmoving party's favor. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). A fact is "material" if, under the governing substantive law, a dispute about the fact might affect the outcome of the suit. <u>Id.</u> In determining whether a genuine issue of material fact exists, the court must view the facts and all reasonable inferences drawn from those facts in the light most favorable to the nonmoving party. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986).

Initially, the moving party has the burden of demonstrating the absence of a genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). Once the moving party has met this burden, the nonmoving party must identify, by affidavits or otherwise, specific facts showing that there is a genuine issue for trial. <u>Id.</u>; <u>Maidenbaum v. Bally's Park Place, Inc.</u>, 870 F. Supp. 1254, 1258 (D.N.J. 1994). Thus, to withstand a properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict those offered by the moving party. <u>Andersen</u>, 477 U.S. at 256-57. "A nonmoving party may not 'rest upon mere allegations, general denials or . . . vague statements . . . .'" <u>Trap Rock Indus., Inc. v. Local 825, Int'l Union of Operating Eng'rs</u>, 982 F.2d 884, 890 (3d Cir. 1992) (quoting <u>Quiroga v. Hasbro, Inc.</u>, 934 F.2d 497, 500 (3d Cir. 1991)). Indeed,

the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

Celotex, 477 U.S. at 322. That is, the movant can support the assertion that a fact cannot be genuinely disputed by showing that "an adverse party cannot produce admissible evidence to support the [alleged dispute of] fact." Fed. R. Civ. P. 56(c)(1)(B); accord Fed. R. Civ. P. 56(c)(2).

## III.     Analysis

Plaintiff's Title VII claim is governed by the burden-shifting framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-03, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973).  To prevail on a Title VII racial discrimination claim in a failure to hire posture, a plaintiff must demonstrate prima facie that that (1) that he falls within a protected class; (2) that he was qualified for the work for which he applied; (3) that he was not hired; and (4) that the employer continued to seek others with the same qualifications or hired someone with the same or lesser qualifications who was not in the protected status. Andersen v. Exxon Co., 89 N.J. 483, 492, 446 A.2d 486 (1982).

If the plaintiff makes out a prima facie case, the burden of production shifts to the defendant to establish a legitimate, nondiscriminatory reason for the adverse employment action. See Burton v. Teleflex, 707 F.3d 417, 426 (3d Cir. 2013). If the defendant establishes a legitimate, nondiscriminatory reason for its actions, the burden of production shifts back to the plaintiff to show that the defendant's proffered reason

was a pretext for actual discrimination.  Id. The plaintiff must show that the defendant's proffered reason is a pretext for discrimination.

For the reasons that follow, the Court finds that Plaintiff cannot establish a prima facie case of discrimination.  Even assuming Plaintiff can carry his burden on the prima facie case, there are no genuine issues of material fact related to whether Defendant's proffered reasons for its hiring decisions are a pretext for discrimination.  Summary judgment will be entered in favor of Defendant Borgata.

A.  Prima Facie Case

Plaintiff cannot sustain his burden of establishing a prima facie of racial discrimination because he cannot demonstrate that he was either qualified for the positions he applied for, that the employer continued to seek others with the same qualifications, or hired someone with the same or lesser qualifications who was not in the protected status.

Here, the parties agree that Plaintiff can satisfy the first and third elements of the prima facie case.  The Court will address each position separately.

1.  Part-Time Club Host for Mixx Nightclub

Plaintiff cannot demonstrate that he was qualified for the position of Club Host for the Mixx Nightclub because the position was seasonal and no full-time team members were considered and because he did not possess the requisite experience.  See Ex. "D" at No. 7-19.   In his deposition, King admits that he does not have any facts to suggest that other full-time employees were considered for this position.  See King Dep., Farrell Cert, Ex. A., p. 124:12-21; see also Plaintiff's response to paragraph 118 of Borgata's Statement

of Undisputed Material Facts. [Doc. No. 1]. In addition, the job description for the Club Host for Mixx, required applicants to "have a minimum of six months experience as a host/hostess in a high volume and/or fine dining environment." See Job Descriptions, Farrell Cert., Exs. EE & H. Plaintiff admits he lacked the requisite "experience as a host/hostess in a high volume and or fine dining restaurant." Id.; see also, King Dep., Farrell Cert., Ex. A., pp. 76:6-17; 77:14-78:13; see also Plaintiff's response to paragraph 22 of Borgata's Statement of Undisputed Material Facts. [Doc. No. 22].

The Borgata offered Kelly Willet the position, but she declined. Ms. Willet was not a full-time team member at Borgata and she boasted prior service experience in a fast-paced environment. See Willett Application, Farrell Cert., Ex. FF. The Borgata ultimately hired Alissa Marinello for the position. Like Ms. Willet, Ms. Marinello had never worked at the Borgata before, and therefore was not a full-time Borgata team member during the application process, and had relevant prior experience. See Marinello Application, Farrell Cert., Ex. GG.

Given King's admission that he did not have relevant food service experience and the fact that the Borgata hired someone who met the qualifications specified in the job description, King fails to set forth a prima facie case of discrimination because there is no evidence that he was qualified for the position and because the person ultimately hired by the Borgata had the relevant experience for the position. Summary judgment is granted as to this claim.

2. Box Office Supervisor

Plaintiff cannot demonstrate that he was qualified for the position of Box Office Supervisor. The job description for the Box Office Supervisor requires "[s]trong

leadership, supervisory and communication skills." The job posting provides that "Box Office experience or equivalent hotel/casino experience" is preferred. See Job Description, Farrell Cert., Ex. N. Plaintiff has not pointed to any evidence in the record to show that he possessed the requisite qualifications for this position. In addition, Plaintiff admits that he did not have any box office experience or employee management experience. See King Dep., Farrell Cert., Ex. A., 76:6-17; 77:14-78:13; 82:11-20; see also Plaintiff's responses to paragraphs 37 and 47 of Borgata's Statement of Undisputed Material Facts. [Doc. No. 22].

The Borgata hired Kelly Paolino for the position. Ms. Paolino's qualifications include multiple years of experience as a supervisor and in ticketing for casino-related entertainment. See Paolino Application, Farrell Cert., Ex. O. In contrast to King, the hired person had current and relevant experience. Id. As a result, King fails to set forth a prima facie case of discrimination because there is no evidence that he was qualified for the position and because the person ultimately hired by the Borgata had the relevant experience for the position. Summary judgment is granted as to this claim.

3. Direct Marketing Coordinator

Plaintiff cannot demonstrate that he was qualified for the position of Direct Marketing Coordinator. The job description for the Direct Marketing Coordinator position preferred "recent and relevant casino experience." See job description for the Direct Marketing Coordinator position attached to Farrell Cert. as Exhibit "P." Contrary to King's claim that he had the necessary experience, his application for this position did not reflect the experience Borgata was seeking. See response to paragraph 60 of Borgata's Statement of Undisputed Material Facts. [Doc. No. 22]. He offers no

facts in support of his claim that he had relevant, or any, marketing experience, but states that because Borgata already had a few African Americans in those higher positions, they were not going to give him the opportunity. See King Dep., Farrell Cert., Ex. A, p. 91:19-92:10. King admits that his application did not reflect the experience Borgata was seeking for this position. Id.; see also response to paragraph 60 of Borgata's Statement of Undisputed Material Facts. [Doc. No. 22].

The Borgata hired Kristen Fulmer for this position. Ms. Fulmer had the necessary experience and was already a member of the marketing department prior to being hired as the Direct Marketing Coordinator. See Fulmer Application, Farrell Cert., Ex. Q. As a result, King fails to set forth a prima facie case of discrimination because there is no evidence that he was qualified for the position and because the person ultimately hired by the Borgata had the relevant experience for the position. Summary judgment is granted as to this claim.

4. Customer Assurance Coordinator

Plaintiff cannot demonstrate that discrimination played any part in the Borgata's decision not to hire him for the Customer Assurance Coordinator position. King initially applied for this position in October, 2012. Ex. A., p. 98:7-10. He was interviewed and considered for the position. See King Dep., Farrell Cert., Ex. A. pp. 107:21-109:10; see also Def. Ans. To Interrog., Farrell Cert., Ex. D, Nos. 7-11 and 7-14. The Borgata claims that it did not immediately fill the position due to business needs. However, the position was reposted in or about March or April of 2013. Id. Plaintiff reapplied for the Customer Assurance Coordinator position, but was not re-interviewed. See King Dep., Farrell Cert., Ex. A., p. 107:12-20. Plaintiff remained under consideration for the

position, but the Borgata hired Christina Thomas.  Ms. Thomas had experience in the

Customer Care group as a VIP Specialist and had prior experience as a Concierge

Manager, dealing directly with customer service for guests. <u>See</u> Thomas Application,

Farrell Cert., Ex. W.  The Borgata claims Thomas' relevant experience gave her an edge

over King.

As a result, King fails to set forth a <u>prima</u> <u>facie</u> case of discrimination because

there is no dispute that the Borgata hired a person with superior qualifications.

Summary judgment is granted as to this claim.

5.  Advertising/Branding Manager

Plaintiff cannot demonstrate that he possessed the necessary qualifications

and/or that discrimination played any part in the Borgata's decision not to hire him for

the Advertising/Branding Manager position.  The job description for the

Advertising/Branding Manager position lists a minimum of "five years recent and

relevant experience in managing advertising and marketing; or equivalent combination

of education and experience" and "prior management/supervisory experience of 2 years

or more."  <u>See</u> Job Description, Farrell Cert., Ex. Z. King agrees that he lacks these

qualifications and had no experience in marketing, advertising or branding for casinos

or the gaming industry. <u>See</u> King Dep., Farrell Cert., Ex. A., pp. 76:6-17; 77:14-78:13;

103:13-14; <u>see also</u> King Resume, Farrell Cert., Ex. C.  King fails to point to any evidence

in the record tending to show that he was qualified for this position.

Brittany Raffill was selected for the position.  The selection was actually a

promotion from her current position in that same department as the Brand Marketing

Coordinator at Borgata - a position she had held for nearly two and a half years before

she was promoted. <u>See</u> Def. Ans. To Interrog., Farrell Cert., Ex. D., No. 7-13; Raffill Application, Farrell Cert., Ex. AA. Ms. Raffill also had several years of prior casino advertising and marketing experience before she joined the Borgata. <u>Id.</u> As a result, King fails to set forth a <u>prima</u> <u>facie</u> case of discrimination because there is no evidence that he was qualified for the position and because the person ultimately hired by the Borgata had the relevant experience for the position. Summary judgment is granted as to this claim.

For all of the reasons stated above, Plaintiff cannot satisfy the <u>prima</u> <u>facie</u> case of discrimination because there are no genuine issues of material fact related to whether Plaintiff was qualified for the position and/or whether the employer continued to seek others with the same qualifications, or hired someone with the same or lesser qualifications who was not in the protected status. Even if Plaintiff could successfully make out a <u>prima</u> <u>facie</u> case, the burden of production shifts to Borgata establish a legitimate, nondiscriminatory reason for the adverse employment action. <u>See</u> <u>Burton v.</u> <u>Teleflex</u>, 707 F.3d 417, 426 (3d Cir. 2013).

B. <u>Burden Shifting</u>

To satisfy the relatively light burden of production in a Title VII case, the Borgata must articulate a legitimate, nondiscriminatory reason for each decision to not hire King for each position. Here, the Borgata offers sufficient evidence of non-discriminatory reasons for each hiring decision to meet this burden. In each instance the Borgata claims that an individual with qualifications superior to King was hired. As a result, the burden of production rebounds to King, who must now show by a preponderance of the evidence that the Borgata's explanations for its hiring decisions are merely a pretext for

discimination.  <u>Goosby v. Johnson & Johnson Medical, Inc.</u>, 228 F.3d 313, 319 (3d Cir.

2000) (citing <u>Reeves v. Sanderson Plumbing Products Inc.</u>, 530 U.S. 133, 120 S.Ct.

2097, 147 L.Ed.2d 105 (2000)). King fails to meet his burden.

Of the five positions, the only position that Plaintiff was arguably qualified for is the

Customer Assurance Coordinator position. To the extent that the Borgata's

unchallenged decision to delay fulfillment of this post for business reasons is sufficient

to suggest that the Borgata manipulated the hiring process to frustrate Plaintiff's

advancement, King fails to offer any evidence that the Borgata's business decision is a

pretext for racial discrimination.  King attempts to rely on the bulk of the nineteen

decisions to not hire him as evidence of racial discrimination, but fails to attach any

documents or evidence to support his claim that he was equally qualified for certain

positions and admits that for most, he was not qualified. King's argument asks the Court

to consider applications for positions he withdrew from, was not qualified for, and

which his counsel agrees lack evidentiary support on his claims of racial discrimination.

For these reasons, the bulk of the Borgata's decisions to forgo hiring King do not weigh

in favor of King's unsupported assertion that the Borgata's decisions were racially

motivated.

Moreover, there is no evidence to challenge the Borgata's decision to delay hiring for

the Customer Assurance position as being related to anything other than business

considerations.  Finally, the person ultimately hired had superior qualifications. King's

reliance "upon mere allegations, general denials or . . . vague statements . . . ." are

insufficient on summary judgment. <u>Trap Rock Indus., Inc.</u>, 982 F.2d at 890 (internal

quotation and citation omitted). As a result, King fails to demonstrate any weaknesses,

implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them "unworthy of credence" and hence infer "that the employer did not act for [the asserted] nondiscriminatory reasons." Bray, 110 F.3d at 990 (citing Fuentes, 32 F.3d at 765) (emphasis in original).

For these reasons, even if King could establish a prima facie case of discrimination, there are no facts in the record to challenge the legitimate non-discriminatory reasons proffered by Borgata for its hiring decisions.

## IV.     Conclusion

For the reasons set forth above, summary judgment is granted.  An appropriate Order shall issue.


Dated: November 8, 2017


s/ Joseph H. Rodriguez
Hon. Joseph H. Rodriguez,
UNITED STATES DISTRICT JUDGE